IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MOHAMED ABDULKADIR,

                Petitioner,

vs.

SCOTT R. FRAKES, Director of Corrections; and BRAD HANSEN, Warden at TSCI;

                Respondents.

8:17CV142

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Mohamed Abdulkadir's Amended Petition for Writ of Habeas Corpus (Filing No. 4) and Supplemental Petition (Filing No. 9) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: Petitioner was denied the right to a fair trial *because* the trial court erroneously instructed the jury (1) on "Sudden Quarrel" in Instruction No. VI, specifically, "The test is an objective one. Qualities peculiar to the defendant which render him or her particularly excitable are not considered"; (2) on "Intent" in Instruction No. V; and (3) on Instruction No. IX, specifically, "You are to use your common sense and general knowledge that everyone has in determining the meaning of any other term not defined above."

Claim Two: Petitioner was denied effective assistance of counsel *because* trial counsel (1) introduced Petitioner's statements made to a corrections employee as evidence during Petitioner's testimony at trial despite the trial court having suppressed those statements under *Miranda*; (2) made statements and questions at trial about Petitioner's religious beliefs and place of origin, specifically comparing Petitioner's religious beliefs to those who were involved and carried out "9/11"; and (3) failed to object to the jury instructions identified in Claim One.

Claim Three: Petitioner was denied effective assistance of counsel *because* appellate counsel failed to raise the jury instructions identified in Claim One as error on direct appeal.

Claim Four: Petitioner's determinate life-to-life sentence for second degree murder violates the ex post facto clause *because* the statute requires an indeterminate sentence of 20 years - life.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondents should be mindful of and, if necessary, respond to Petitioner's allegations in his amended and supplemental petitions of his reasons for not presenting these claims to the state courts.** (*See* [Filing No. 4 at CM/ECF pp. 5](#), [6](#), [12](#); [Filing No. 9 at CM/ECF pp. 4-5](#).)

IT IS THEREFORE ORDERED that:

1. Upon initial review of the amended and supplemental habeas corpus petitions (Filing Nos. 4, 9), the court preliminarily determines that Petitioner's claims are potentially cognizable in federal court.

2. By **August 28, 2017**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 28, 2017**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth

the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A. By **August 28, 2017**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained

4

in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 27, 2017**: check for Respondents' answer and separate brief.

5.  No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 13th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge